No. 2801.—F. F. FOLGER *v.* D. F. KENNER.

An iron safe which has been incased in a brick wall, with its foundation laid in bricks and mortar or plaster, is an immovable by destination, and can not be recovered by a person claiming it, separate and apart from the buildings and premises in which it is so located.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,* J. *Breaux & Fenner,* for plaintiff and appellee. *Hays & New,* for defendant and appellant.

HOWE, J. The plaintiff, as assignee of N. C. Folger, brought this action to recover an iron safe alleged to belong to him, and to be in possession of defendant in his dwelling house, and to be there illegally detained by the latter.

The defendant averred that the object of the suit was, more properly speaking, a vault, attached to the walls of his dwelling with brick and mortar, and therefore immovable.

There was judgment for plaintiff for the safe or its value, and the defendant appealed.

The defendant purchased the dwelling house here mentioned from R. H. Bayley, who had purchased it at sheriff's sale under a writ of *fieri facias* against N. C. Folger, the plaintiff's assignor. The sheriff's deed to Bayley makes mention of a " safe in the wall."

There seems to have been some difficulty made by N. C. Folger about

surrendering the premises after this forced sale, which was finally settled by a compromise between him and the defendant Kenner who, in the meantime, had purchased from Bayley. In the act of compromise Folger reserves a right to sue for the safe ; but Kenner does not in any way give up his right to retain it as part of the immovable property of which he had become owner.

The compromise does not appear to affect this case in any manner. The question is one of fact merely whether the object of the suit is a movable safe or a vault attached to and a part of the immovable.

The evidence satisfies us that it is a double brick vault, lined with iron, and with double iron doors, and is not only attached with plaster or mortar to the walls of the house, but is attached in the same way to the soil by a brick foundation, running down through the floor of the house. The iron doors and linings could not be taken away without also removing the double brick vault which incloses them, and this in turn could not be removed without breaking the building to some extent.

The whole affair might almost be considered an immovable by nature, having its foundation in the soil itself. Rev. C. C. 464. But it is at least immovable by destination under Rev. C. C. 468, 469, and the plaintiff has no more right to remove it than he has to remove a mantlepiece from the drawing-room. 5 An. 717 ; 6 An. 264 ; 23 An. 137.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment for defendant, with costs.